[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO ARTICULATE OR EXPAND DATED MARCH 13, 2000
On March 13, 2000 the defendant, Kenyon J. Ryder, by counsel, filed a motion entitled "Motion to Articulate or Expand." In this motion the defendant requests that the court enter certain additional orders with regard to its earlier memorandum of decision as concerned debt of the parties. This motion pertains to a memorandum of decision issued by the court after a hearing conducted by the court on February 8, 2000.
In due course the court issued a 15-page memorandum of decision. At the time of the preparation of the memorandum of decision, the court considered, among other things, the sworn financial affidavits that were presented by the parties.
At the present time the defendant is asking the court in effect to extend the memorandum of decision with regard to the treatment of certain CT Page 6657 debts that each party showed on their financial affidavits.
On the plaintiffs financial affidavit she showed three debts as follows: son's apartment, Murphy Realty, $155.00; personal loan, Louann Perry, $2,800.00; attorney's fees, $3,350.00; personal loan, Kim and Julie Buyer, $1,425.00; totaling $7,730.00.
There is no indication but what these debts and obligations are the sole obligation of the plaintiff and the court is not aware of any claim to the contrary.
On the defendant's financial affidavit, there was attached thereto, a Schedule B as follows: Signature Loan 1 $403.03; Signature Loan 2, $7,683.60; auto loan, $3,819.54; Sears, $1,647.54; Beneficial $5,780.40; IRS, $2,139.40; First North America, $869.75; VISA, $9,541.19; Allstate Auto Insurance, $1,177.00; Radio Shack, $2,707.04; Norwest Financial, $1,891.33; Capital One, $272.52; Amy — College, $8,000.00; NeuroGroup, $1,000.00; total $46,982.57.
There was no indication on this Schedule B filed by the defendant that any of these debts were joint debts nor was there any indication on the financial affidavit filed by the plaintiff that any of the earlier adverted to debts were joint.
At the hearing on this motion on May 19, 2000, on inquiry by the court, counsel for the defendant acknowledged that all of the debts except for the $403.03, which allegedly was joint, and the Beneficial debt of $5,780.40, which allegedly was joint, that all the others in truth and in fact were the sole and separate obligation of the defendant. There was nothing to alert to the court, at least as to the financial affidavits, that any of the defendant's debts fell into a joint category and the court proceeded on the premise that each of the parties would pay the debts that were their sole and separate obligation in accordance with the information contained on the financial affidavits.
It is true that in the defendant's trial memorandum filed with the court on February 16, 2000 there is attached thereto a certain Schedule A which lists the subject debts and endeavors to indicate whether they are joint or sole. There is no express request of the court to endeavor to allocate debts to one side of the aisle or the other.
It was the court's intention, based on what was available to the court, that each of the parties should be responsible for the debts reflected on their financial affidavit. The court therefore sees no necessity for making any further specific orders with regard to allocation of these debts and any request to do so is denied. CT Page 6658
Austin, J.